IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DONALD CARLOS SEOANE,

Plaintiff,

vs.

DONALD TRUMP, KEITH E. NEELY, DIRECTOR KASH PATEL, RON DESANTIS, Governor of Florida; GENERAL JAMES UTHMEIER, Florida Attorney; MARCOS R. LOPEZ, Ex-head, Osceola County Sheriff; DANIEL PEREZ, Speaker of the Florida House of Representatives; ROBERT ALEXANDER ANDRADE, State of Florida House Represenative; NOEL ARRON MARQIS, Federal Police Officer; STACEY PECTOL, NANTITA SEOANE, LAURA RIVERA, CYNTHIA RIVERA, JAMES B KENNEY, VALENTINA VARGAS ROSSO, HOLLY DORMAN, JOSEPH M. FINICK, ASHLIE HARMON, J. GIBSON, S. GARCIA, S. PEARSALL, and CHRIS SCHELL, et al;

Defendants.

**8:26CV443**

**MEMORANDUM AND ORDER**

This matter is before the Court on the unsigned Complaint, Filing No. 1, filed by Plaintiff Donald Carlos Seoane ("Plaintiff"), a pro se prisoner confined at the Osceola County Corrections Department in Kissimmee, Florida. Federal Rule of Civil Procedure 11(a) requires all filings to be signed. While the Court would normally grant Plaintiff an opportunity to correct the signature deficiency, the Court determines correction would be futile as the Court will dismiss Plaintiff's Complaint on initial review for lack of venue and as malicious under 28 U.S.C. § 1915A(b).

## I. LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner complaints to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

## II. DISCUSSION

In his Complaint, Plaintiff sues twenty-two defendants, including the President of the United States, Florida Governor Ron DeSantis, and several other Florida government and law enforcement officers. Plaintiff generally complains about alleged irregularities and corruption surrounding his pending criminal charges in Florida. All of the events giving rise to Plaintiff's claims appear to have occurred in Florida and none of the named Defendants appear to be located in or have any connection with the District of Nebraska. *See* Filing No. 1.

Pursuant to 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A district court has the discretion to either dismiss a plaintiff's claims or transfer the case, *sua sponte*. *See* *De La Cruz v. United States*, No. 4:14CV3160, 2014 WL 4705145, at *2 (D. Neb. Sept. 22, 2014); *Camacho-Corona v. Douglas Cty. Dep't of Corr.*, No. 8:12CV132, 2012 WL 3112020, at *4 (D. Neb. July 31, 2012).

Venue is generally governed by 28 U.S.C. § 1391, which "govern[s] the venue of all civil actions brought in district courts of the United States" and provides, in pertinent part, that:

> (b) Venue in general.—A civil action may be brought in—
>
> > (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> >
> > (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> >
> > (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Here, Plaintiff does not allege facts establishing that the District of Nebraska is the proper venue. It is clear from the Complaint's allegations that no party resides in the District of Nebraska and a substantial part of the events giving rise to the causes of action did not occur in this district.

Because venue is improper, the Court must either dismiss this case or transfer it to any district or division in which it could have been brought. 28 U.S.C. § 1406(a). The Court finds dismissal without prejudice is appropriate here as a review of the federal courts' online PACER database shows that Plaintiff has filed twenty-nine substantially similar complaints across the country in the last two months:

*Seoane v. Desantis*, 1:26-cv-2293 (D. D.C. filed June 25, 2026)
*Seoane v. DeSantis*, 1:26-cv-13011 (D. Mass. filed June 30, 2026)
*Seoane v. Desantis*, 3:26-cv-6587 (N.D. Cal. filed June 30, 2026)
*Seoane v. Trump*, 1:26-cv-3477 (D. Colo. filed July 30, 2026)
*Seoane v. Trump*, 1:26-cv-2741 (D. D.C. filed July 30, 2026)
*Seoane v. Trump*, 1:26-cv-949 (D. Del. filed July 31, 2026)

*Seoane v. Trump*, 2:26-cv-1354 (N.D. Ala. filed July 31, 2026)
*Seoane v. DeSantis*, 1:26-cv-170 (N.D. Iowa filed July 31, 2026)
*Seoane v. Desantis*, 1:26-cv-486 (D. Idaho filed July 31, 2026)
*Seoane v. Desantis*, 3:26-cv-282 (D. Alaska filed July 31, 2026)
*Seoane v. Trump*, 1:26-cv-411 (D. Haw. filed August 3, 2026)
*Seoane v. Trump*, 1:26-cv-2900 (D. Md. filed August 4, 2026)
*Seoane v. Trump*, 1:26-cv-9407 (N.D. Ill. filed August 4, 2026)
*Seoane v. Trump*, 3:26-cv-1247 (D. Conn. filed August 4, 2026)
*Seoane v. Trump*, 1:26-cv-24 (D. Guam filed August 4, 2026)
*Seoane v. Trump*, 3:26-cv-566 (S.D. Miss. filed August 4, 2026)
*Seoane v. Trump*, 4:26-cv-1239 (E.D. Mo. filed August 4, 2026)
*Seoane v. Trump*, 0:26-cv-3511 (D. Minn. filed August 5, 2026)
*Seoane v. Trump*, 3:26-cv-8143 (N.D. Cal. filed August 5, 2026)
*Seoane v. Trump*, 3:26-cv-861 (M.D. La. filed August 5, 2026)
*Seoane v. State of Florida*, 1:26-cv-25364, (S.D. Fla. filed August 10, 2026)
*Seoane v. Trump*, 2:26-cv-353 (N.D. Ind. filed August 10, 2026)
*Seoane v. Trump*, 5:26-cv-301 (E.D. Ky. filed August 11, 2026)
*Seoane v. Trump*, 9:26-cv-124 (D. Mont. filed August 14, 2026)
*Seoane v. Trump*, 1:26-cv-263 (D. N.D. filed August 17, 2026)
*Seoane v. DeSantis*, 1:26-cv-575 (D. R.I. filed August 17, 2026)
*Seoane v. Trump*, 3:26-cv-1719 (D. Or. filed August 17, 2026)
*Seoane v. Trump*, 2:26-cv-2579 (D. Nev. filed August 18, 2026)
*Seoane v. Trump*, 2:26-cv-1738 (W.D. Pa. filed August 18, 2026).

Out of those twenty-nine cases, one was transferred to the Northern District of Florida, *Seoane v. Desantis*, 4:26-cv-347 (N.D. Fla. filed July 21, 2026) (transferred from D. Mass), and four were transferred to the Middle District of Florida, *Seoane v. DeSantis*, 6:26-cv-1686 (M.D. Fla. filed August 3, 2026) (transferred from N.D. Iowa); *Seoane v. DeSantis*, 6:26-cv-1764 (M.D. Fla. filed August 13, 2026) (transferred from N.D. Cal.); *Seoane v. State of Florida*, 6:26-cv-1791 (M.D. Fla. filed August 14, 2026) (transferred from S.D. Fla.); *Seoane v. Trump*, 6:26-cv-1805 (M.D. Fla. filed August 18, 2026) (transferred from D. Conn.), where they remain pending. All of the defendants named in the Complaint are also named as defendants in at least one of the actions pending in the Middle District of Florida.

Because this case does not belong in this Court and Plaintiff presently has nearly identical actions pending in the Middle District of Florida, the Court finds this case should be dismissed, rather than transferred. The Court further finds that dismissal is appropriate because Plaintiff's repeated filing of substantially similar complaints in rapid succession in multiple courts is frivolous and malicious. *See Aziz v. Burrows*, 976 F.2d 1158 (8th Cir. 1992) (district courts may dismiss duplicative complaints under 28 U.S.C. § 1915 as frivolous); *Mills v. Bluth*, No. 4:26-CV-00262 JMB, 2026 WL 621341, at *2 (E.D. Mo. Mar. 5, 2026) ("Dismissal based on maliciousness is appropriate where . . . the complaint is 'plainly part of a longstanding pattern of abusive and repetitious lawsuits.'" (quoting *Horsey v. Asher*, 741 F.2d 209, 212–13 (8th Cir. 1984))).

IT IS THEREFORE ORDERED that:

1. This case is dismissed without prejudice for lack of venue under 28 U.S.C. § 1406(a) and as malicious under 28 U.S.C. § 1915A(b).

2. The Court will enter a separate judgment.

3. Plaintiff is advised that if he files another pro se complaint in which venue does not lie in this district, or which is otherwise frivolous, the Court may impose sanctions and/or restrictions on future filings.

Dated this 19th day of August, 2026.

BY THE COURT:



Joseph F. Bataillon
Senior United States District Judge